

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAH JAH BEY
    Vs.                                   C.A. No.     2014 CA 002652 B
EQUIFAX INFORMATION SERVICES, LLC

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge THOMAS J MOTLEY
Date:   April 30, 2014
Initial Conference: 9:30 am, Friday, August 01, 2014
Location:   Courtroom 212
               500 Indiana Avenue N.W.
               WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Jakleh Bey
_____
Plaintiff

vs.                                                          Case Number **14 - 0 0 0 2 6 5 2**

Equifax Information Services, LLC
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jakleh Bey_
_____                          _Clerk of the Court_
Name of Plaintiff's Attorney

_1462 Belmont St._
_____                    By _____
Address                                                                        Deputy Clerk

_New District of Columbia 20009_
_____

_202 500-1331_
_____                    Date _____
Telephone

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828. ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra                                                    Número de Caso: _____

_____
Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

**SECRETARIO DEL TRIBUNAL**

Nombre del abogado del Demandante

_____        Por: _____

Dirección                                                                    Subsecretario

_____

                                                        Fecha _____

Teléfono

如需翻譯,請打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

JAH JAH BEY
1462 Belmont Street D-Level
Northwest Washington D.C.

      Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC.
 1550 PEACHTREE STREET, NW
ATLANTA, GA 30309
Serve: CSC LAWYERS INCORPORATING
SERVICE COMPANY.
7 SAINT PAUL STREET SUITE 1660
BALTIMORE, MD 21202

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

RECEIVED
Civil Clerk's Office
APR 30 2014

14 0 0 0 2 6 5 2

CIVIL ACTION NO.

**JURY TRIAL DEMANDED**

**COMPLAINT**

      COMES NOW the "Plaintiff", **Jah Jah Bey** (hereafter the "Plaintiff"), and for his

complaint against the Defendant **EQUIFAX INFORMATION SERVICES, LLC.**

("Equifax"), alleges as follows:

**Preliminary Statement**

1.   This is an action for actual damages, statutory damages, and punitive

      damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681

      (Fair Credit Reporting Act or FCRA).

## JURISDICTION & VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1331. Venue in this Court is proper in that "Equifax" transacts business here and the conduct complained of occurred here.

## PARTIES

3. "Plaintiff" Jah Jah Bey is a natural person and resides in the District of Colombia. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

4. Upon information and belief, "Equifax", is a corporation authorized to do business in the District of Colombia.

5. Upon information and belief, "Equifax" is a "consumer reporting agency," as defined in 15 U.S.C. §1681a(f).

6. Upon information and belief, "Equifax" is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

7. Upon information and belief, "Equifax" disburses such consumer reports to third parties under contract for monetary compensation.

## GENERAL FACTUAL ALLEGATIONS

8.  On August 1, 2009 "Plaintiff" Jah Jah Bey executed a month to month lease agreement (hereafter "the agreement") with Chelsea West Apartments to reside at 4301 West Village Dr. #2019 Camp Springs, MD 20746.

9.  "Plaintiff" never missed a payment during the time he resided at 4301 West Village Dr. #2019 Camp Springs, MD 20746.

10. "Plaintiff" never made a late payment during the time he resided at 4301 West Village Dr. #2019 Camp Springs, MD 20746.

11. "Plaintiff" never breached "the agreement".

12. "Plaintiff" stopped residing at 4301 West Village Dr. #2019 Camp Springs, MD 20746 on November 31, 2009.

13. According to "the agreement", "Plaintiff" gave Chelsea West Apartments adequate and proper notice of his early departure[1].

14. On or about April 2013, Mr. Bey became aware that "Equifax" had been reporting a derogatory outstanding debt of $5,579.00 furnished by Fair Collections & Outsourcing (hereafter "the account") on his person credit files.

15. "The account" reporting was false and incorrect.

3

16. On or about May 14, 2013 Mr. Bey forwarded to "Equifax" a letter (hereafter "letter1") disputing the "the account".

17. "Letter1" included a detailed description of the nature of Mr. Bey's

[1] See Exhibit A. Plaintiff's 60 day notice letter.

18. "Mr. Bey never received a written response from "Equifax" in regards to his dispute "letter1".

19. On or about June 11, 2013 "Equifax" responded to Mr. Bey's dispute "letter1" by verifying "the account".

20. "The account" reporting on or about June 11, 2013 was false and incorrect.

21. On September 2013, Mr. Bey obtained an up to date copy of his credit report from "Equifax".

22. On October 15, 2013, Mr. Bey forwarded a detailed dispute to "Equifax"[2] (certified mail receipt number 7012-1010-0003-6407-4479) that contained new information[22] of why "the account" was being reported incorrectly (hereafter "letter2").

23. On or about November 2013, "Equifax" responded to Mr. Bey's dispute "letter2" by verifying "the account".

4

24. "Equifax" knew the "the account" was being reported incorrectly and willfully violated Mr. Bey's rights under the FCRA by refusing to correct or delete the account.

[2] See Exhibit B. "letter2"
[22] See Exhibit C.

## 15 U.S.C. §1681i

25. Plaintiff realleges and incorporates paragraphs 1 through 24 above as if fully set out herein.

26. "Equifax" violated 15 U.S.C. §1681i(a)(1) by willfully or negligently failing to conduct a reasonable investigation of Plaintiff's dispute "letter2".

27. "Equifax" violated 15 U.S.C. §1681i(a)(1) by willfully or negligently failing to conduct a reasonable investigation within thirty (30) days of Plaintiff's dispute "letter2".

28. "Equifax" violated 15 U.S.C. §1681i(a)(2) by willfully or negligently failing to provide Fair Collections & Outsourcing with all the relevant information supporting Plaintiff's dispute "letter2".

29. "Equifax" violated 15 U.S.C. §1681i(a)(4) by willfully or negligently failing to review and consider all the information provided in Plaintiff's dispute "letter2".

30. "Equifax" violated 15 U.S.C. §1681(a)(5)(A) by willfully or negligently failing to promptly delete the disputed inaccurate item of information from

Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

31. As a result of conduct, actions and inactions of "Equifax", the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, inability to obtain a mortgage loan[3], loss of credit opportunity, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

32. "Equifax"'s conduct, actions and inactions were willful, rendering "Equifax" liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, "Equifax" was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

33. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from "Equifax" in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

[3] See Exhibit D. Denial Letters and Mortgagee Letter HUD 4155.1 4.C.2.e

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against "Equifax"; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

JAH JAH BEY
By _____

JAH JAH BEY
1462 Belmont Street D-Level
Northwest Washington D.C.
jahjahbey@yahoo.com
(202) 500-1331

# Exhibit A

Exhibit 3

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2013 OCT 11  A 10: 00
CLERK'S OFFICE
AT GREENBELT
BY

September 21, 2009

Jahi Smith

4301 West Village Dr. Apt # 2019

Suitland, Md 20746

Please be advised that I, Jahi smith find it necessary to vacate my apartment (2019) as of November 31, 2009. The reasons I need to leave are as follows:

A) Based on my annual income I do not foresee me being able to afford my monthly lease in a timely manner. I work at the National Children's Center driving trucks and in my two years here I have seen at least 50 of my co-workers be terminated. Collectively I have no job security and my work environment is very tenuous.

B) Black Diamond Entertainment (my supplementary income) has reneged on their contract to myself and if fact owes me an excess of $20,000.00. This is money that was contractually promised to be returned to me that has not been. This situation has greatly affected my financial stability.

C) My history here @ Chelsea West) as well as my previous residence's (4305 f#105 & 4311 C#301 Metro place @ Town Center) show that I have never been late on a payment in the past two years. Therefore in order to continue that practice and maintain my good credit I have made the decision to no longer reside at Chelsea West.

D) My grandmother who is 87 years old recently had cervical spinal surgery. She still has pins and needles in her neck and her operation was so serious that she could have been paralyzed. Currently she is living in a 4 floor house by herself in which it has become increasingly difficult for her to get around. Ultimately my grandmother's well being has become a priority so I am considering relocating with her in Montclair, New Jersey.

Thank you

Jahi Smith

# Exhibit B

Jah Jah Bey                                    Social Security Number xxx-xx-xxxx
POB 471213
District Heights, MD 20753


## EQUIFAX REPORTING AGENCY

### Post Office Box 740256

### Atlanta, GA 30374

### *Please send all corresponding communications to:

### Jah Jah Bey P.O. BOX 471213 District Heights, MD 20753

**10-15-2013**


Greetings,

This letter is from Jah Jah Bey. I am writing to have the item listed below removed from my credit report that is being incorrectly reported. This is Notice that I dispute all items listed below, and ask that you as a Consumer Reporting Agency, consider all the **NEW** details provided in connection to the nature of my dispute.

The Items are:

#1 **Fair Collections & Outsourcing** (FCO) Unlawful Credit Reporting of Account # 3590326****

-I do not owe any debts on the above mentioned account, and the debt amounts being reported are incorrect. In your investigation, be sure to request that FCO provide the following information on the debt: (1) a copy of the original lease contract that I (formerly known as Jahi Smith) signed with Riverstone Residential Group to reside at Chelsea West Apartments, (2) verification and explanation of the following outstanding debts (See attached ledger):

1. In December 2009, I was charged $10.32 (See attachment *4 minus *5) for December 1, 2009 concession. I did not reside at Chelsea West during the month of December 2009, and was not liable for December 2009 concession. This fee is in not accurate. In your investigation, be sure to request that FCO provide someone with personal knowledge that can verify this debt amount, and also request any document that can establish this debt amount. By document, I mean a document that specifically authorizes the charge for December 2009 concession, even though I didn't reside at Chelsea West in December 2009.

2. According to the attached ledger, I was charged $200.00 for up front concession reimbursement (See attachment *6). This fee is in not accurate. In your investigation, be sure to request that FCO provide someone with personal knowledge that can verify this debt

amount, and also request any document that can establish this debt amount. By document, I mean a document that specifically authorizes the charge for up front concession.

3. According to the ledger, I was charged $495.00 for insufficient notice (See attachment *7). I gave sufficient notice, and this fee is in not accurate. In your investigation, be sure to request that FCO provide someone with personal knowledge that can verify this debt amount, and also request any document that can establish this debt amount. By document, I mean a document that specifically authorizes the charge for insufficient notice, even though I gave sufficient notice (See Exhibit 2 September 21,2009 notice for November 31,2009 departure-60 day notice was required).

4. According to the ledger, I was charged $145.00 for gas, water, and sewer (See attachment *8,*9,&*10) for December 2009. I did not reside at Chelsea West Apartments in December 2009, and therefore wasn't liable to such charges. This fee is in not accurate. In your investigation, be sure to request that FCO provide someone with personal knowledge that can verify this debt amount, and also request any document that can establish this debt amount. By document, I mean a document that specifically authorizes the charge for December 2009 utilities, even though I didn't reside at Chelsea West in December 2009.

5. According to the ledger, I was charged $1,280.00 for re-occuring concession reimbursement (See attachment *11). I gave sufficient notice, and wasn't subject to a re-occuring concession fee. This fee is in not accurate. In your investigation, be sure to request that FCO provide someone with personal knowledge that can verify this debt amount, and also request any document that can establish this debt amount. By document, I mean a document that specifically authorizes the charge for a re-occuring concession reimbursement even though a gave sufficient notice.

6. According to the ledger, I was charged $61.94 (See attachment *2 minus *3) for one day's rent on December 1, 2009. I did not reside at Chelsea West during December 2009, and was not liable for rent in December 2009. This fee is in not accurate. In your investigation, be sure to request that FCO provide someone with personal knowledge that can verify this debt amount, and also request any document that can establish this debt amount. By document, I mean a document that specifically authorizes the charge for December 2009 rent, even though I didn't reside at Chelsea West in December 2009.

7. The total amount being reported by FCO is $5,579.00. This sum is incorrect, and is also inconsistent with the sum total of the attached ledger (See attachment *Mr. Bey4 which lists a debt amount of $5,878.72). In order for FCO to verify the amount being reported, FCO would by default have to verify the fees and charges listed above (the fees and charges listed above were added together to equal the debt amount being reported by FCO). In your investigation, be sure to request that FCO provide someone with personal knowledge that can verify this debt amount, and also request any document that can establish this debt amount.

Sincerely,
Jah Jah Bey

# Exhibit C

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 OCT -7  A 11: 46

CLERK'S OFFICE
AT GREENBELT

01-18-10;22:29   ;                       14253290734          ;                  # 12/ 19

# R I V E R S T O N E
### RESIDENTIAL GROUP

Date | 1/18/2010

## Resident Ledger

| Code | t0483015 | Property | 20885 | Lease From | 8/1/2009 |
|---|---|---|---|---|---|
| Name | Jahi Smith | Unit | 2019 | Lease To | 7/31/2010 |
| Address | 3407 Weltham Street | Status | Past | Move In | 8/1/2009 |
| | | Rent | 1920 | Move Out | 12/1/2009 |
| City St. Zip | Suitland, MD 20746 | Phone(O) | | Phone(H) | (202) 210-2792 |

| Date | Description | Charge | Payment | Balance | Chg/Rec |
|---|---|---|---|---|---|
| 5/10/2009 | Application Fee | 35.00 | | 35.00 | 19117498 |
| 5/15/2009 | waive appl for leasing special, pc | (35.00) | | 0.00 | 19139664 |
| 8/1/2009 | Rent for 31 days | 1,920.00 | | 1,920.00 | 20185813 |
| 8/1/2009 | Monthly Trash for 31 days | 20.00 | | 1,940.00 | 20185814 |
| 8/1/2009 | Garage for 31 days | 50.00 | | 1,990.00 | 20185815 |
| 8/1/2009 | Administrative Fee | 200.00 | | 2,190.00 | 20185816 |
| 8/3/2009 | Security Deposit | 300.00 | | 2,490.00 | 20187948 |
| 8/3/2009 | iconc for August 2009 | (320.00) | | 2,170.00 | 20187955 |
| 8/3/2009 | August free parking | (50.00) | | 2,120.00 | 20187956 |
| 8/3/2009 | chk# 142-Smith | | 300.00 | 1,820.00 | 14808515 |
| 8/3/2009 | chk# 143-Smith | | 1,820.00 | 0.00 | 14988851 |
| 9/1/2009 | Garage Rental (09/2009) | 50.00 | | 50.00 | 20540463 |
| 9/1/2009 | Garage Rental (09/2009) | (50.00) | | 0.00 | 20540464 |
| 9/1/2009 | Rent (09/2009) | 1,920.00 | | 1,920.00 | 20540465 |
| 9/1/2009 | Reimbursed Trash (09/2009) | 20.00 | | 1,940.00 | 20540466 |
| 9/1/2009 | Lease Term Concession (09/2009) | (320.00) | | 1,620.00 | 20540467 |
| 9/4/2009 | chk# 144-Smith | | 1,620.00 | 0.00 | 19267910 |
| 10/1/2009 | Garage Rental (10/2009) | 50.00 | | 50.00 | 20953943 |
| 10/1/2009 | Garage Rental (10/2009) | (50.00) | | 0.00 | 20953944 |
| 10/1/2009 | Rent (10/2009) | 1,920.00 | | 1,920.00 | 20953945 |
| 10/1/2009 | Reimbursed Trash (10/2009) | 20.00 | | 1,940.00 | 20953946 |
| 10/1/2009 | Lease Term Concession (10/2009) | (320.00) | | 1,620.00 | 20953947 |
| 10/4/2009 | chk# PSID1972197-147 Terminal PSID 1972197 - CHECK21 | | 1,620.00 | 0.00 | 15158003 |
| 11/1/2009 | Garage Rental (11/2009) | 50.00 | | 50.00 | 21066212 |
| 11/1/2009 | Garage Rental (11/2009) | (50.00) | | 0.00 | 21066213 |
| 11/1/2009 | Rent (11/2009) | 1,920.00 | | 1,920.00 | 21066214 |
| 11/1/2009 | Reimbursed Trash (11/2009) | 20.00 | | 1,940.00 | 21066215 |
| 11/1/2009 | Lease Term Concession (11/2009) | (320.00) | | 1,620.00 | 21066216 |
| 11/10/2009 | Late Rent Nov 2009 sa      *12 | (320.00) | | 1,940.00 | 21503346 |
| 11/10/2009 | Late Fee nov 2009 sa | 96.00 | | 2,036.00 | 21503352 |
| 12/1/2009 | Garage Rental (12/2009) | 50.00 | | 2,086.00 | 21762216 |
| 12/1/2009 | Garage Rental (12/2009) | (50.00) | | 2,036.00 | 21762217 |

01-18-10;22:29              14253290734                        # 13/ '9
                                                              Page 2 of 2

| | | | | | |
|---|---|---|---|---|---|
| 12/1/2009 | Rent (12/2009) ✱2 | | 1,920.00 | 3,956.00 | 21767218 |
| 12/1/2009 | Reimbursed Trash (12/2009) | | 20.00 | 3,976.00 | 21767219 |
| 12/1/2009 | Lease Term Concession (12/2009) ✱4 | | (320.00) | 3,656.00 | 21767220 |
| 12/1/2009 | Interest accrued on security deposit, pc | | (0.04) | 3,655.96 | 21870494 |
| 12/1/2009 | :Security Deposit credit ✱1 | | (300.00) | 3,355.96 | 21870596 | ←✱1 |
| 12/1/2009 | Rent (12/2009) Credit 30 days ✱3 | | (1,858.00) | 1,497.90 | 21870597 |
| 12/1/2009 | Reimbursed Trash (12/2009) Credit 30 days | | (19.35) | 1,478.55 | 21870598 |
| 12/1/2009 | Garage Rental (12/2009) Credit 30 days | | (48.39) | 1,430.16 | 21870599 |
| 12/1/2009 | Lease Term Concession (12/2009) Credit 30 days ✱5 | | 309.68 | 1,739.84 | 21870600 |
| 12/1/2009 | Garage Rental (12/2009) Credit 30 days | | 48.39 | 1,788.23 | 21870601 |
| 12/1/2009 | Lease Termination Fee | | 1,920.00 | 3,708.23 | 21870602 |
| 12/1/2009 | Upfront Concession Reimbursement ✱6 | | 200.00 | 3,908.23 | 21870603 |
| 12/1/2009 | Re-occuring Concession Reimbursement ✱11 | | 1,280.00 | 5,188.23 | 21870604 |
| 12/1/2009 | Damages (holes in master bedroom wall) | | 50.00 | 5,238.23 | 21870605 |
| 12/1/2009 | Insufficient Notice ✱7 | | 495.48 | 5,733.71 | 21870606 |
| 12/1/2009 | Reimbursed Gas ✱8 | | 72.50 | 5,806.21 | 21870607 |
| 12/1/2009 | Reimbursed Water ✱9 | | 29.01 | 5,835.22 | 21870608 |
| 12/1/2009 | Reimbused Sewer ✱10 | | 43.50 | 5,878.72 | 21870609 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21767218 Rent Write Offs- 12/09 | | (1,430.16) | 4,448.56 | 21889218 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870600 Non-Rent Write Offs- 12/09 | | (309.68) | 4,138.88 | 21889221 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870601 Non-Rent Write Offs- 12/09 | | (48.39) | 4,090.49 | 21889222 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870602 Non-Rent Write Offs- 12/09 | | (1,920.00) | 2,170.49 | 21889223 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870603 Non-Rent Write Offs- 12/09 | | (200.00) | 1,970.49 | 21889224 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870604 Non-Rent Write Offs- 12/09 | | (1,280.00) | 690.49 | 21889225 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870605 Non-Rent Write Offs- 12/09 | | (50.00) | 640.49 | 21889226 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870606 Non-Rent Write Offs- 12/09 | | (495.48) | 145.01 | 21889227 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870607 Non-Rent Write Offs- 12/09 | | (72.50) | 72.51 | 21889228 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870608 Non-Rent Write Offs- 12/09 | | (29.01) | 43.50 | 21889229 |
| 12/4/2009 | :Prog Gen WriteOff for chg# 21870609 Non-Rent Write Offs- 12/09 | | (43.50) | 0.00 | 21889230 |

01-18-10;22:29   ;                    14253290734            ;              # 14/ '9

<table>
<tr><td colspan="2"></td><td colspan="3">Move Out  Statement<br>20886 · Chelsea West</td><td colspan="2">Print Date:  12/1/2009<br>Print Time:  2:23.52PM<br>Page 1 of 1</td></tr>
</table>

| | | | | | | |
|---|---|---|---|---|---|---|
| Code | 10483015 | Property | 20885 | Lease From | 08/01/2009 | |
| Name | Jane Smith | Unit | 2010 | Lease To | 07/31/2010 | |
| Address | 3407 Waltham Street | Status | Past | Move In | 08/01/2009 | |
| | | Rent | 1,920.00 | Move Out | 12/01/2009 | |
| City | Suitland, MD 20746 | | | Notice | 10/08/2009 | |
| Telephone | (O)-() · (H)-(202) 210-2702 | | | | | |

| Date | Description | Charge | Payment | Balance | Chg/Rec |
|---|---|---|---|---|---|
| | Balance as of 12/1/2009 | | | $2,036.00 | |
| 12/1/2009 | Garage Rental (12/2009) | 50.00 | | 2,086.00 | 21767216 |
| 12/1/2009 | Garage Rental (12/2009) | (50.00) | | 2,036.00 | 21767217 |
| 12/1/2009 | Rent (12/2009) | 1,920.00 | | 3,956.00 | 21767218 |
| 12/1/2009 | Reimbursed Trash (12/2009) | 20.00 | | 3,976.00 | 21767219 |
| 12/1/2009 | Lease Term Concession (12/2009) | (320.00) | | 3,656.00 | 21767220 |
| 12/1/2009 | Interest accrued on security deposit: pc | (0.04) | | 3,655.96 | 21870494 |
| 12/1/2009 | Security Deposit credit | (300.00) | | 3,355.96 | 21870496 |
| 12/1/2009 | Rent (12/2009) Credit 30 days | (1,858.06) | | 1,497.90 | 21870497 |
| 12/1/2009 | Reimbursed Trash (12/2009) Credit 30 days | (19.35) | | 1,478.55 | 21870508 |
| 12/1/2009 | Garage Rental (12/2009) Credit 30 days | (48.39) | | 1,430.16 | 21870599 |
| 12/1/2009 | Lease Term Concession (12/2009) Credit 30 days | 309.68 | | 1,739.84 | 21870600 |
| 12/1/2009 | Garage Rental (12/2009) Credit 30 days | 48.39 | | 1,788.23 | 21870601 |
| 12/1/2009 | Lease Termination Fee | 1,920.00 | | 3,708.23 | 21870602 |
| 12/1/2009 | Upfront Concession Reimbursement | 200.00 | | 3,908.23 | 21870603 |
| 12/1/2009 | Re-occuring Concession Reimbursement | 1,280.00 | | 5,180.23 | 21870604 |
| 12/1/2009 | Damages (holes in master bedroom wall) | 50.00 | | 5,238.23 | 21870605 |
| 12/1/2009 | Insufficient Notice | 495.46 | | 5,733.71 | 21870606 |
| 12/1/2009 | Reimbursed Gas | 72.50 | | 5,806.21 | 21870607 |
| 12/1/2009 | Reimbursed Water | 29.01 | | 5,835.22 | 21870608 |
| 12/1/2009 | Reimbursed Sewer | 43.50 | | 5,878.72 | 21870609 |

Amount Owed       5,878.72 (Mr. Bey 4)

Comments

# Exhibit D



**AnnieMac** Home Mortgage
American Neighborhood Mortgage Acceptance Company
NMLS 338923

AnnieMac Home Mortgage
2525 Augustine Herman Hwy, Suite E
Chesapeake City, MD 21915
410.441.3142
www.danhorrell.annie-mac.com

Dear Jah Jah Bey,

Thank you for inquiring about a purchase of your new home. Unfortunately at this time we are not able to offer you financing. Even though your income and credit score is perfect, there is a collection account from Fair Collections that still shows a balance pending.

If and when you are able to resolve this issue with Fair Collections, we would be happy to extend financing for you.

Thank You,

Daniel Horrell
NMLS# 160526
AnnieMac Home Mortgage
Mobile: 443.802.8363

Delaware Chapter 22 Licensed Lender License (#011546), Maryland Mortgage Lender (#19406), American Neighborhood Mortgage Acceptance Company is licensed by the New Jersey Department of Banking and Insurance (#NO00004875), Licensed by the Pennsylvania Department of Banking as a Mortgage Lender (#33587).



**AnnieMac**
Home Mortgage
American Neighborhood Mortgage Acceptance Company
NMLS 338923

AnnieMac Home Mortgage
2525 Augustine Herman Hwy, Suite E
Chesapeake City, MD 21915
410.441.3142
www.danhorrell.annie-mac.com

To:        Jah Jah Bey
From:      Daniel Horrell
Subject:   Loan status
Date:      01/21/2014

   Jah Jah, I regret to inform you that until the Fair Collections account on credit is satisfied we will not be able to offer you financing.
   I understand your frustration but please know that this is an industry wide rule and until that account is removed or settled there is nothing that can be done.

Thank You,


Daniel Horrell
NMLS# 160526
AnnieMac Home Mortgage
Mobile: 443.802.8363

Delaware Chapter 22 Licensed Lender License (#011546), Maryland Mortgage Lender (#19406), American Neighborhood Mortgage Acceptance Company is licensed by the New Jersey Department of Banking and Insurance (#NO00004875), Licensed by the Pennsylvania Department of Banking as a Mortgage Lender (#33587).



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

WASHINGTON, DC 20410-1000

ASSISTANT SECRETARY FOR HOUSING-
FEDERAL HOUSING COMMISSIONER

# Mortgagee Letter 2012-3, Continued

### Handling of Disputed Accounts/Public Records (continued)

| HUD 4155.1 4.C.2.e | FHA does *not* require that collection accounts be paid off as a condition of mortgage approval. However, court-ordered judgments *must* be paid off before the mortgage loan is eligible for FHA insurance endorsement. | If the total outstanding balance of all collection accounts is equal to or greater than $1,000 the borrower must resolve the accounts (e.g. entered into payment arrangements with minimum three months verified payments- paid as agreed) or paid in full at the time of, or prior to closing. Mortgagees must document the case binder showing each account was resolved or paid in full.<br><br>If the total outstanding balance of all collection accounts is less than $1,000, the borrower is not required to pay off the collection accounts as a condition of mortgage approval.<br><br>FHA continues to require judgments to be paid off before the mortgage loan is eligible for FHA insurance.* |

\* *Exception*: An exception to the payoff of a court-ordered judgment may be made if the borrower has an agreement with the creditor to make regular and timely payments, and provides documentation indicating that a minimum of three months payments have been made according to the agreement. The monthly payment must be included in the borrower's debt-to-income ratio.

Examples of acceptable documentation to support the resolution of disputed accounts or the payoff of accounts would be a letter from the creditor outlining the terms of the payment arrangements, or verifying payoff of debt, cancelled check(s), or a supplement to the credit report verifying payoff or payment arrangements.

*Note: Paying "down" of balances on disputed accounts and collections to reduce the singular or cumulative balance to below $1,000, is not an acceptable resolution of accounts.*

*Continued on next page*

7013 1710 0000 7736 8805

Malik Bey
6801 McCormick Rd.
Upper Marlboro, MD 20772



U.S. POSTAGE
PAID
FORESTVILLE, MD
20747
MAY 03 '14
AMOUNT
$7.82
00086263-08
1000    21202

Equifax Information Services, LLC
CSC Lawyers Incorporating Service Company
7 Saint Paul Street Suite 1660
Baltimore, MD 21202