UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAH JAH BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 1:14-cv-00860-RCL |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

**ANSWER**

1.  Equifax admits that this action purports to be brought pursuant to the FCRA. Equifax denies that it is liable to Plaintiff for violation of the FCRA, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2.  To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction and venue are proper in this Court and that it transacts business in the District of Columbia. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies those allegations.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4. Equifax admits that it is authorized to do business in the District of Columbia. Equifax denies the remaining allegation in Paragraph 4.

5. Equifax admits the allegations in Paragraph 5.

6. Equifax admits the allegations in Paragraph 6.

7. Equifax admits the allegations in Paragraph 7.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies those allegations.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies those allegations.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies those allegations.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies those allegations.

14. Equifax admits that an outstanding debt of $5,579.00 furnished by Fair Collections & Outsourcing appeared on Plaintiff's credit file. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies those allegations.

15.     Equifax denies the allegations in Paragraph 15.

16.     Equifax admits that it received a letter from Plaintiff dated May 14, 2013 disputing a Fair Collections and Outsourcing collection account.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and, therefore, denies those allegations.

17.     Equifax states that the letter purportedly described in Paragraph 17 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the contents of the letter, the allegations are denied.  Exhibit A attached to Plaintiff's Complaint is not a letter dated May 14, 2013 and, therefore, Equifax denies the allegations in this Paragraph.

18.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies those allegations.

19.     Equifax admits that it responded to Plaintiff's May 14, 2013 and that it indicated that the account was verified.   Equifax denies the remaining allegations in this Paragraph.

20.     Equifax denies the allegations in Paragraph 20.

21.     Equifax denies the allegations in Paragraph 21.

22.     Equifax admits that it received a letter from Plaintiff dated October 15, 2013 disputing information.  Equifax states that the letter purportedly described in Paragraph 22 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the contents of the letter, the allegations are denied. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and, therefore, denies those allegations.

23.     Equifax admits that it responded to Plaintiff's October 14, 2013 dispute in

November 2013 and that it indicated the account was verified.

24. Equifax denies the allegations in Paragraph 24.

25. In response to Paragraph 25, Equifax restates and incorporates its responses to paragraphs 1 – 24 as though fully set forth herein.

26. Equifax denies the allegations in Paragraph 26.

27. Equifax denies the allegations in Paragraph 27.

28. Equifax denies the allegations in Paragraph 28.

29. Equifax denies the allegations in Paragraph 29.

30. Equifax denies the allegations in Paragraph 30.

31. Equifax denies the allegations in Paragraph 31.

32. Equifax denies the allegations in Paragraph 32.

33. Equifax denies the allegations in Paragraph 33.

34. Equifax denies that the Plaintiff is entitled to any relief claimed in his Complaint.

35. Equifax admits Plaintiff has demanded a trial by jury, and likewise demands a jury trial in this case.

36. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## **DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### **First Defense**

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

### Second Defense

At all pertinent times, Equifax maintained reasonable procedures to ensure maximum possible accuracy in its credit reports.

### Third Defense

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

### Fourth Defense

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### Fifth Defense

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

### Sixth Defense

Plaintiff cannot meet the requirements of 15 U.S.C. §1681n in order to recover punitive or statutory damages.

### Seventh Defense

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003) and *Safeco*

*Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

### Eighth Defense

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)     That it have a jury trial on all issues so triable;

(3)     That Equifax be dismissed as a party to this action;

(4)     That Equifax recover from Plaintiff its expenses of litigation, including but not limited to attorneys' fees; and

(5)     That it recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 30th day of May, 2014.

                              KING & SPALDING

                              By: /s/ Brian Meiners_____
                              Brian R. Meiners (D.C. Bar No. 482039)
                              1700 Pennsylvania Avenue, NW
                              Suite 200
                              Washington, DC 20006-4707
                              Telephone:  202 737-0500
                              Facsimile:  202 626-3737
                              bmeiners@kslaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 30, 2014 I served a true and correct copy of the foregoing by depositing a copy of the same in the United States Mail, first class postage prepaid, addressed to counsel of record as follows:

Jah Jah Bey
1462 Belmont Street D-Level NW
Washington, DC 20009
*Pro Se Plaintiff*

                                        By: /s/ Brian Meiners_____
                                               Brian R. Meiners
                                               Counsel for EQUIFAX
                                               INFORMATION SERVICES LLC